JOHN O. SLATER, Respondent, *v.* MILES F. CHURCH, Appellant.

*Sale of chattels — when the title thereto passes by an indorsement of a bill of lading.*

Where A. ships chattels to the point of delivery, consigned to his own order, and indorses upon the bill of lading a direction to deliver the chattels to B., and B. subsequently signs an indorsement on the bill of lading directing that the goods be delivered to a third person, the transaction operates to transfer the title of the chattels.

Under what circumstances the finding of a jury that a sale has taken place will not be disturbed, considered.

APPEAL by the defendant, Miles F. Church, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 24th day of October, 1895, upon the verdict of a jury rendered after a trial at the Franklin Circuit, and also from an order entered in said clerk's office on the 24th day of December, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Swift & Bell*, for the appellant.

*John P. Kellas*, for the respondent.

HERRICK, J. :

This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff and against the defendant, and from an order denying a motion made for a new trial.

The action is one to recover the purchase price of two milk separators alleged to have been sold by the plaintiff to the defendant. The defendant denies the purchase. The questions involved are almost entirely questions of fact. There is a sharp conflict of evidence between the plaintiff and defendant as to the transaction in question, and the jury having found in favor of the plaintiff, his version of the facts must be accepted by this court as the true one, there not being such a preponderance of evidence in favor of the defendant as to warrant us in disregarding the verdict of the jury.

The plaintiff's testimony is to the effect that the defendant and

one Moore had some conversation with the plaintiff's agent in reference to the purchase of two separators, the defendant saying that he and Mr. Moore were together; that Mr. Moore was going to fix up a couple of factories, and if he, the agent, would give him the same terms that he had given another company, that they would buy their goods of him; that he said, " I do not wish to buy them myself, but I will stand back of Mr. Moore; " that subsequently Mr. Moore gave the agent an order for the separators, which order was transmitted to the plaintiff. The plaintiff shipped the separators to Potsdam, N. Y., where the defendant and Moore resided, consigned to his own order. Across the face of the bill of lading the plaintiff wrote the following : " Please deliver these goods to Miles Church. J. O. Slater."

At the same time the plaintiff sent the defendant the following letter :

" AMERICAN HOUSE, CANTON, N. Y. <br>
*April* 6, 1894.

" Mr. MILES CHURCH, Potsdam, N. Y. :

" DEAR SIR : Mr. Barlow says you are to indorse for Charles Moore. I thought best to bill direct to you. He will write you about it.                              " Yours truly,

" Also enclose order for separators.          " J. O. SLATER."

The bill of lading, with the directions upon it to deliver to Miles Church, was inclosed in this letter.

The defendant presented the bill of lading to the station agent at Potsdam and told the station agent to deliver the goods to Mr. Moore. The station agent informed him that it would be necessary to indorse the bill of lading. Upon the defendant informing him that he did not know what to do with it, the station agent wrote the following indorsement upon it, which was signed by the defendant : " J. O. Sullivan, Agent : Deliver these goods to C. A. Moore. M. F. Church." And thereupon the separators were delivered to Moore, who placed them in his factory. Some months afterwards the plaintiff called upon the defendant and asked him to settle for the separators, and this the plaintiff alleges the defendant promised to do, saying that he would settle or give his note or return the separators to Potsdam and pay $100 for the use of the separators. He failed to pay, give his note or return the separators.

The charge of the court does not appear in the case; all that is stated is that the court said: " I think I will leave it to the jury to say what the original contract was between these parties as evidenced by their subsequent acts." And it would appear from the briefs of counsel that the court, among other things, left the jury to determine the meaning of the plaintiff's letter to the defendant, as to whether that was intended to be a direct sale of the separators to the defendant, and as to whether the defendant's acts in receiving and indorsing the bill of lading and in subsequently promising to pay or settle for the separators, was an admission by the defendant that he so understood the effect of the letter and bill of lading.

No exceptions were taken to the charge of the court in submitting these questions as questions of fact to the jury, and the finding of the jury thereon will, therefore, not be disturbed.

Shipping the goods to his own order, indorsing upon the bill of lading the direction to deliver the same to the defendant, coupled with the acceptance of that order by the defendant, transferred the title of the separators to the defendant. (*First National Bank of Toledo* v. *Shaw*, 61 N. Y. 283–292; *Farmers & Mechanics' National Bank* v. *Logan*, 74 id. 568.)

This, coupled with his promise to pay thereafter made, as found by the jury, seems to me to abundantly sustain plaintiff's cause of action.

The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.